# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| ANTWAIN WASHINGTON, Register No. 531805, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07-4231-CV-C-SOW ) |
| SERGEANT REED, et al., | ) ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Antwain Washington brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging defendants were deliberately indifferent to his serious medical needs. Defendants Pamela Swartz, Stormi Moeller, Cheryl Clad, Jeffery Bolton, Brandi Pierce and Anna Jarvis filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies prior to filing suit, and for failure to state a claim. Plaintiff responded to the motion and defendants replied.[1]

Defendants Moeller, Clad, Pierce and Jarvis assert plaintiff did not exhaust his administrative remedies with regard to the claims against them and against proposed defendant Bruemmer. Defendants note their involvement in plaintiff's medical care occurred after plaintiff filed his grievance on October 10, 2006.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Plaintiff filed an informal resolution request (IRR) on October 10, 2006, addressing the medical issue which forms the basis of this lawsuit. The record does not disclose another IRR which addresses medical issues for events that occurred after October 10, 2006. Thus, plaintiff has not exhausted his administrative remedies with regard to his medical care after that date. The allegations against defendants Moeller, Clad, Pierce, Jarvis and Bruemmer are for events that occurred after November 2006.

Defendants also seek dismissal for plaintiff's failure to state a claim against them. Defendants assert plaintiff received medical treatment and merely disagrees with the treatment provided.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual

allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Plaintiff can ultimately succeed only if he can prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). See also Farmer v. Brennan, 511 U.S. 825 (1994). Allegations of mere negligence in the treatment of his medical condition or claims based upon a difference of opinion over matters of medical judgment or expertise fail to state a federal constitutional question, absent exceptional circumstances. Id.; Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976); Seward v. Hutto, 525 F.2d 1024 (8th Cir. 1975); Jones v. Lockhart, 484 F.2d 1192 (8th Cir. 1973); Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970). Although allegations of mere negligence in the treatment of an inmate will not suffice, factual statements which indicate a denial of necessary treatment for a serious medical condition, or deliberate indifference with such treatment, may form the basis of an actionable claim under the Eighth Amendment. And, in this respect, plaintiff's complaint is to be afforded a liberal construction, as required by Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's complaint states defendants were informed of adverse reactions to the treatment they provided, and continued to prescribe the same treatment for an ongoing and fairly long-term condition. Plaintiff claims his treatment was prescribed based upon defendants' policy rather than by his particular needs. When plaintiff's complaint is afforded a liberal construction at this stage of the proceedings, the court does not find dismissal under Fed. R. Civ. P. 12(b)(6) to be warranted.

On March 27, 2008, plaintiff filed a motion to amend his complaint to provide the name of the defendant nurse previously identified only as a John Doe. Plaintiff indicates that paragraphs of 139 - 141 of his complaint are relevant to Annette R. Bruemmer. Defendants object to the amendment on the basis that all allegations against defendant Bruemmer occurred after plaintiff filed his grievance, and thus, he has not exhausted his administrative remedies.

3

Plaintiff will be granted leave to substitute the name of Bruemmer for the John Doe defendant, but the claims against Bruemmer will be recommended dismissed for plaintiff's failure to exhaust his administrative remedies.

On March 7, 2008, plaintiff requested an extension of time to respond to the pending motion to dismiss. Plaintiff's response has now been filed and his motion for an extension of time is moot.

Accordingly, it is

ORDERED that plaintiff's motion of March 7, 2008, for an extension of time to respond to defendants' motion to dismiss is denied as moot. [13] It is further

ORDERED that plaintiff's motion of March 27, 2008, to amend his complaint to provide the identity of the John Doe defendant is granted, and the name of Annette R. Bruemmer is substituted for the John Doe nurse. [17] It is further

RECOMMENDED that plaintiff's claims against defendants Moeller, Clad, Pierce, Jarvis and Bruemmer, and plaintiff's claims for events that occurred after October 10, 2006, be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies. [11] It is further

RECOMMENDED that defendants' motion of March 4, 2008, for failure to state a claim be denied with respect to events that occurred on or before October 10, 2006. [11]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of April, 2008, at Jefferson City, Missouri.

<u>William A. Knox</u>

WILLIAM A. KNOX
United States Magistrate Judge

5