# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ANTWAIN WASHINGTON,                )
Register No. 531805,               )
                                   )
        Plaintiff,         )
                                   )
    v.                       )  No. 07-4231-CV-C-SOW
                                   )
SERGEANT REED, et al.,             )
                                   )
        Defendants.        )

## REPORT AND RECOMMENDATION

On April 23, 2008, defendants Debra Reed and Chad Hovis filed a motion to dismiss, citing plaintiff's failure to exhaust administrative remedies and failure to state a claim.[1]

In response, plaintiff states his claims that occurred after October 10, 2006, were recommended dismissed for failure to exhaust administrative remedies,[2] and he, therefore, does not file exception to the dismissal of Reed and Hovis for failure to exhaust administrative remedies.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]On May 29, 2008, the report and recommendation was adopted by the Honorable Scott. O. Wright.

plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Here, plaintiff concedes his failure to exhaust administrative remedies with respect to his claims against defendants Reed and Hovis. Accordingly, it is

RECOMMENDED that defendants' motion to dismiss be granted, and plaintiff's claims against defendants Reed and Hovis be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a). [24]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 17th day of September, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge