# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ANTWAIN WASHINGTON,  )
Register No. 531805,  )
  )
           Plaintiff,  )
  )
           v.  )    No. 07-4231-CV-C-SOW
  )
DR. JACQUES LAMOUR, et al.,  )
  )
           Defendants.  )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff Antwain Washington, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

      On June 30, 2008, Correctional Medical Services (hereinafter "CMS") defendants Melissa Jaegers, Jacques Lamour and Edith Vogel filed a motion to dismiss plaintiff's claims against them for failure to exhaust administrative remedies and for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff filed a response on July 11, 2008, a reply was filed by defendants on July 30, 2008. Plaintiff filed a response to defendant's reply on August 8, 2008.

*Exhaustion*

      Defendants' argument for dismissal because plaintiff did not exhaust his administrative remedies, as required by 42 U.S.C. § 1997e, for his claims that he was denied necessary medical care for his severe hemorrhoids, for dates prior to October 10, 2006, is without merit. Title 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

---

    [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

In this case, plaintiff filed a grievance on October 10, 2006, alleging denial of proper medical care for the previous four years and that CMS personnel were aware of his severe hemorrhoids and were denying him appropriate and effective treatment. Although not specifically named in the grievances filed, plaintiff's grievances put defendants on notice of plaintiff's claims of denial of necessary medical care for his severe hemorrhoids. Neither the Prison Litigation Reform Act, as set forth in 42 U.S.C. § 1997e, nor Missouri Department of Corrections procedures require naming of particular officials for exhaustion of administrative remedies to be proper. Jones v. Brock, 549 U.S. 199, ___, 127 S. Ct. 910, 913 (2007). Rather, a prisoner need only exhaust available administrative remedies as to his claims prior to filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Plaintiff's October 10, 2006 grievance was fully exhausted, pursuant to Missouri Department of Corrections procedures, when plaintiff received a grievance appeal response on May 11, 2007. Plaintiff did not file this lawsuit until November 14, 2007, which was well after the grievance process on his claims was complete. Thus, plaintiff properly followed and exhausted the Missouri Department of Corrections grievance process on his claims that he was being denied necessary and proper medical care for severe hemorrhoids. Defendants' motion to dismiss for failure to exhaust should be denied.

*Failure to State a Claim*

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Upon review, defendants' motion to dismiss for failure to state a claim should be denied. Plaintiff's allegations that his hemorrhoids were a serious medical condition of which defendants were informed and refused him proper treatment are sufficient to state a claim. Specifically, plaintiff's allegations that despite defendants' knowledge of his adverse reactions to the treatment they were providing to him, they refused him alternative treatment, and continued to prescribe the same adverse treatment for a continued and fairly long duration, when liberally construed, are sufficient to state a claim that defendants were deliberately indifferent to plaintiff's serious medical condition, in violation of his Eighth Amendment rights. Plaintiff's allegations meet the basic elements of a deliberate indifference claim: (1) that the medical deprivation was objectively sufficiently serious; and (2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is

3

defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

*Motion for Leave to Supplement*

On August 4, 2008, plaintiff filed a motion for leave to supplement his complaint, including a 15-page supplemental complaint with exhibits. The supplement asserts that defendants' actions in denying him proper medical care was a conspiracy and in retaliation for his seeking treatment. Defendants have filed suggestions in opposition and plaintiff a reply.[2]

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "However, there is no absolute right to amend and a finding of 'undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment' may be grounds to deny a motion to amend." Doe v. Cassel, 403 F.3d 986, 990-91 (8th Cir. 2005).

Upon review, the court finds plaintiff's motion for leave to amend should be denied on two grounds. First, plaintiff's case was filed almost one year ago, and he has been granted leave to amend on two prior occasions.[3] The court has discretion in granting leave to amend, and finds that justice does not require that plaintiff be granted leave to supplement his claims by adding allegations that he was denied medical treatment based on defendants' conspiracy and retaliation.

Moreover, this court finds that granting leave to supplement would be futile because the supplemental claims could not survive a Rule 12 motion to dismiss. See In re Senior Cottages of America, LLC., 482 F.3d 997, 1001 (8th Cir. 2007) (leave to amend based on futility means

---

[2] Plaintiff's motion for an extension of time to file reply suggestions in support of his motion to supplement is moot in light of his reply filed on September 19, 2008.

[3] May 28, 2008 order granting leave to amend, and May 19, 2008 granting leave to amend, in part, and denying, in part.

4

that the amended complaint could not withstand a Rule 12 motion to dismiss). Defendants already seek dismissal of plaintiff's claims on exhaustion grounds in their current pending motion to dismiss. Plaintiff's supplemental claims of conspiracy and retaliation are not claims which this court would find plaintiff has properly exhausted, as required by 42 U.S.C. § 1997e. The October 10, 2006 grievance cited by plaintiff in his supplemental complaint alleges only that he was denied proper medical care for the previous four years and CMS personnel were aware of his severe hemorrhoids and were denying him appropriate and effective treatment. There is no allegation of conspiracy or retaliation. Plaintiff's attempt to stretch the nature of his grievance filed to cover allegations of retaliation and conspiracy is without merit.

*Motion for Appointment of Counsel*

On August 4, 2008, plaintiff also filed a motion for appointment of counsel. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting

5

nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979) at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

Plaintiff's statement that he needs counsel because he might say things at his deposition that relate to his criminal prosecution against him does not merit appointment of counsel in plaintiff's civil case. To the extent plaintiff is concerned about possible repercussions in his criminal case, he should contact his criminal defense attorney.

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the

6

appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

*Motion to Compel*

On August 8, 2008, plaintiff also filed a motion to compel discovery. Plaintiff states defendants' responses to his request for production of documents were evasive and incomplete. Defendants have filed suggestions in opposition and plaintiff a reply.

Upon review, the court has determined that a telephone conference may be helpful in working out the discovery disputes at issue. A conference will be scheduled within the next two weeks.

*Motion to Amend*

On October 20, 2008, plaintiff filed a motion to amend, seeking to reinstate claims previously dismissed for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e. Plaintiff states that since the filing of the complaint, he has exhausted his administrative remedies.

The Eighth Circuit has held that if exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e, is not completed at the time of the initial filing of the complaint, dismissal is mandatory. Johnson v. Jones, 340 F.3d at 627-28. Plaintiff failed to exhaust his administrative remedies prior to filing his claim in federal court and, therefore, his claims were properly dismissed, without prejudice, pursuant to section 1997e. Plaintiff may not seek to subsequently amend his complaint to reassert claims previously dismissed in this same case based on subsequent exhaustion during the pendency of the lawsuit. As set forth in the language of the statute, section 1997e, and as held by the Eighth Circuit, all claims must be exhausted *prior* to the filing of a lawsuit. If plaintiff wants to pursue his now-exhausted claims against previously dismissed defendants Moller, Clad, Pierce, Jarvis and Bruemmer and claims for events that occurred after October 10, 2006, he may refile such claims in a separate lawsuit; however, he will be required to pay the full filing fee. 28 U.S.C. § 1915. Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

IT IS, THEREFORE, ORDERED that plaintiff's motions to supplement and amend are denied. [55, 71] It is further

7

ORDERED that plaintiff's motion for an extension of time to file reply suggestions in support of his motion to supplement is moot. [60] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [54] It is further

RECOMMENDED that the motion of Correctional Medical Services defendants Melissa Jaegers, Jacques Lamour and Edith Vogel to dismiss be denied. [46]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge